# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| PATRIOT ANGELS CONSULTING CORP, | ) ) ) | |
| Plaintiff, | ) ) | JURY DEMAND |
| v. | ) ) | Case No.: |
| UNITED STATES LIABILITY INSURANCE COMPANY, | ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff Patriot Angels Consulting Corp ("Patriot Angels" or "the Insured") for its Complaint against United States Liability Insurance Company ("USLI" or "Defendant") would show, and states as follows:

## THE PARTIES

1. Plaintiff Patriot Angels is a Tennessee corporation with a principal address of 260 Main Street, Suite 215, Hendersonville, Tennessee 37075.

2. Defendant USLI is a Pennsylvania company with a principal address of 1190 Devon Park Drive, Wayne, PA 19087-2191. USLI may be served with process via its registered agent at 1190 Devon Park Drive, Wayne, PA 19087-2191.

## JURISDICTION AND VENUE

3. The Court has jurisdiction under 28 U.S.C. § 1332(a)(2). Patriot Angels is a citizen of Tennessee with a principal place of business in Tennessee. USLI is a citizen of Pennsylvania with a principal place of business in Pennsylvania. The matter in controversy, exclusive of interest

offline 0v0

and costs, exceeds the sum or value of $75,000.00.

4.      The Court has personal jurisdiction over USLI because the agreements that gave rise to this action were entered into in the State of Tennessee.  In addition, the insurance policy issued to Patriot Angels by Defendant USLI contains a Tennessee State Amendatory Endorsement (SP TN (07-09).)

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this lawsuit occurred in this district.

## **INTRODUCTION AND BACKGROUND**

6.      Patriot Angels re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

7.      Patriot Angels is in the business of assisting Veterans and their families throughout the United States, in their applications for benefits from the United States Department of Veteran Affairs (the "VA"), streamlining and removing barriers so as to ensure Veterans receive all of the aid and attendance benefits they are entitled to receive.

8.      USLI first began insuring Patriot Angels in 2015.

9.      In 2021, USLI issued Policy No. SP 2551703F to Patriot Angels for the policy period of March 4, 2021 to March 4, 2022 (the "Policy"). The Policy is entitled "Specified Professions Professional Liability Errors and Omissions Coverage Part" and carries a $1,000,000.00 liability limit and annual aggregate with a $0 deductible. The "Business Description" for Patriot Angels on the Policy's "Declarations" page is "Social Security / Disability Claimant Representative." A true and correct copy of the Policy is attached hereto as **Exhibit 1**.

10.      In May 2022, Patriot Angels was named as a defendant in a lawsuit brought by the National Coalition for Homeless Veterans ("NCHV"), *National Coalition for Homeless Veterans*

2

*v. Patriot Angels Consulting Corp., et al.*, Superior Court of California, Los Angeles County, Case No. 22STVCV16751 (the "*NCHV Lawsuit*"). A true and correct copy of the complaint in the *NCHV Lawsuit* is attached hereto as **Exhibit 2**.

11. This matter arises out of USLI's wrongful denial of coverage for the *NCHV Lawsuit*. Under the Policy and established case law, USLI owed Patriot Angels an immediate defense in March of 2021, and its failure to do so constituted a breach of the policy and bad faith.

### FACTS

12. Patriot Angels incorporates by reference the allegations set forth in the preceding paragraphs.

13. The *NCHV Lawsuit* arises from allegations that around 2018, the elder care facility for a Maurice F. Fobbe made a referral to Patriot Angels to discuss with Mr. Fobbe his potential benefits from the VA. In turn, the *NCHV Lawsuit* alleges Patriot Angels referred Mr. Fobbe to an estate planning attorney, Rex A. Chamberlain.[1]

14. Between 2018 and 2021, Mr. Fobbe worked with Patriot Angels and Mr. Chamberlain to create an irrevocable trust into which he could transfer all of his assets in order to qualify for VA benefits. Notwithstanding the aforementioned actions taken by attorney Chamberlain, Mr. Fobbe was denied his VA benefits.

15. As a result, Mr. Fobbe retained separate counsel sometime around February 2021. On February 19, 2021, Mr. Fobbe's counsel sent a letter to Patriot Angels containing a draft complaint of the *NCHV Lawsuit* against Patriot Angels and attorney Chamberlain.

16. On March 4, 2021, Patriot Angels tendered via email the letter from Mr. Fobbe's counsel and a draft complaint of the *NCHV Lawsuit* to USLI (the "Tender"). A true and correct

---

[1] The *NCHV Lawsuit* also alleges Mr. Chamberlain worked with California estate planning attorney Anthony Celaya, but that Mr. Fobbe resolved his dispute with Mr. Celaya before Mr. Fobbe passed away.

3

copy of this email and an excerpt of Mr. Fobbe's letter attached to the same are collectively attached hereto as **Exhibit 3**.

17.     On March 18, 2021, ***only two weeks later and with no further apparent investigation in the interim***, USLI sent a letter to Patriot Angels erroneously denying coverage under the Policy on the basis of Exclusion F (the "Denial Letter"). A true and correct copy of the Denial Letter is attached hereto as **Exhibit 4**.

18.     The Denial Letter was perfunctory, pre-textual, and lacked any in-depth analysis or consideration of coverage under the Policy. This is evident not only from the timeline of the Tender and Denial Letter, but in the substance of the Denial Letter itself, which relies on conclusory statements and no decisional authority.

19.     On May 19, 2022, NCHV, purportedly as successor in interest to Mr. Fobbe,[2] filed the *NCHV Lawsuit* alleging causes of action against Patriot Angels for (1) elder financial abuse (Cal. Welfare & Institutions Code §§ 15600, *et seq*.); (2) negligence; and (3) unfair business practices (Cal. Business & Prof. Code, § 17200 *et seq*.), and engaged in robust discovery against Patriot Angels.

20.     On August 15, 2022, Patriot Angels filed a demurrer to the complaint, which was originally scheduled to be heard September 12, 2022, and later continued to be heard December 20, 2022.

21.     As a result of USLI's outright and perfunctory denial of coverage for the allegations, Patriot Angels was faced with either mounting its own defense and risking the uncertainty of trial, or pre-emptively minimizing its defense costs and such uncertainty by

---

[2] On August 28, 2021, Mr. Fobbe allegedly created a separate living trust and executed a will, which named the NCHV as his sole beneficiary, and gifted the residue of his estate to the a trust. Mr. Fobbe passed away on November 25, 2021.

4

brokering an early settlement. Patriot Angels elected to settle the *NCHV Lawsuit* so as to minimize its potential exposure to significant defense costs.

22. On November 10, 2022, pursuant to the settlement reached with NCHV, Patriot Angels paid plaintiff NCHV in excess of $75,000. On December 14, 2022, the *NCHV Lawsuit* was dismissed.

23. Patriot Angels has received no reimbursement for the settlement payment or for its defense fees from any source. Instead, Patriot Angels has been forced to carry this liability on its books.

24. Thus, despite there being a clear basis for coverage and despite being given prompt notice of the claims against Patriot Angels *in the form of a draft complaint* accompanied by a demand letter (which mirrored the complaint later filed), USLI wrongfully denied coverage and in so doing, left Patriot Angels exposed to the subsequent litigation and resulting settlement.

25. In the Denial Letter, USLI denied *any* coverage owed to Patriot Angels under the Policy for Claim No. K159205 (the "Claim"). The Denial Letter is legally and factually flawed because the California Welfare and Institutions Code is not a "consumer protection statute" as characterized by USLI in an effort to deny coverage.

26. In fact, to exclude all claims for elder financial abuse as constituting "consumer protection statute violations" would render coverage illusory and therefore, the cited exclusion (Exclusion F) is unenforceable as construed.

27. USLI's reactionary and perfunctory denial of the draft complaint is contrary to an insurer's obligation to thoroughly consider the potential for coverage.

28. Indeed, pursuant to the actual language of the Policy, USLI owed Patriot Angels a defense and indemnity in the *NCHV Lawsuit*.

5

29. Under Part I, INSURING AGREEMENTS, the Policy provides that the "**Company will pay on behalf of the Insured, Loss** in excess of the Deductible" within the limits of liability "for which this coverage applies that an **Insured** shall become legally obligated to pay because of **Claims** first made against an **Insured** during the **Policy Period**."[3]

30. The Policy defines "**Claim**" as a "demand for money as compensation for a **Wrongful Act**." The Policy further contains, in relevant part, the following definitions:

> H. "**Loss**" means damages and settlements and pre-judgement and post-judgment interest awarded by a court and punitive or exemplary damages to the extent such damages are insurable under applicable law…For the purpose of determining the insurability of punitive damages and exemplary damages, the laws of the jurisdiction most favorable to the insurability of such damages shall control, provided that such jurisdiction has a substantial relationship to the **Named Insured** or to the **Claim** giving rise to the damages.
>
> . . . .
>
> M. "**Professional Services**" means services rendered to others for a fee solely in the conduct of the Insured's profession as stated in Item VII. of the Policy Declarations, including such services provided electronically using the Internet or a network of two or more computers.
>
> P. "**Wrongful Act**" means any actual or alleged error, omission or negligent act committed solely in the rendering of or failure to render **Professional Services** by an **Insured** or any person, including an independent contractor acting on the behalf of the **Named Insured** or **Subsidiary**, for whom the **Insured** is legally liable in the rendering of **Professional Services**.

31. As cited in the Denial Letter, the Policy also includes Part IV, EXCLUSIONS, in which the "**Company** shall not be liable to make payment for **Loss** or **Claims Expenses**" for any **Claim** against an **Insured** "arising out of, directly or indirectly resulting from or in consequence

---

[3] The terms that are capitalized and bolded represent defined terms within the Policy.

6

of or in any way involving" any "actual or alleged violation of any securities, anti-trust, restraint of trade, unfair trade practices, consumer protection, or other similar law by any person."

32.     In Part V, DEFENSE and SETTLEMENT, the Policy states:

> A. The **Company**, as it deems expedient, has the right to investigate, adjust, defend, appeal and, with the consent of an **Insured**, negotiate the settlement of any **Claim** whether within or above the Deductible.
> . . . .
> D. …An **Insured** shall not, except at personal cost, make any offer or payment, admit any liability, settle any **Claim**, assume any obligation, or incur any expense without the **Company's** written consent

33.     In its Denial Letter, USLI summarizes the *NCHV Lawsuit* by noting that Mr. Fobbe asserts the "fee arrangement <u>*Mr. Chamberlain*</u> presented Mr. Robbe [sic] and the Irrevocable Trust he created for Mr. Robbe [sic] were improper" [emphasis added]. This conduct is clearly attributed to Mr. Chamberlain, another defendant in the *NCHV Lawsuit*, and not Patriot Angels. Rather than focusing on the conduct of its actual Insured, USLI relied on the conduct of a third party to claim that an exclusion barring coverage applied. This was done in bad faith.

34.     The Denial Letter also states Mr. Fobbe alleges that, although the brochure provided to him by Patriot Angels offered a free consultation, Patriot Angels "failed to disclose that it was referring matters to Mr. Chamberlain or that it was receiving referral fees from Mr. Chamberlain" and that the draft complaint included one cause of action for Elder Financial Abuse in violation of California's Welfare and Institutions Code Sec. 15600 *et seq*. These allegations all appear in the ultimately-filed *NCHV Lawsuit*.

35.     With little to no analysis, and no citation to any authority, USLI in the Denial Letter, published only 10 days after Patriot Angels tendered its claim, perfunctorily concludes that because that statute "was specifically designed to protect elderly citizens from physical abuse,

7

financial abuse, and/or neglect…it is a consumer protection statute," invoking Exclusion F cited above and precluding coverage for the matter. (See Exhibit 4 at ¶ 4).

36. Notably, the *NCHV Lawsuit* contains three causes of action, all of which are asserted against Patriot Angels and all of which were previewed in the February 19, 2021 letter and draft complaint. Not only does the California Welfare and Institutions Code (the "Code") not qualify as a "consumer protection statute," even if the exclusion were read so broadly as to deny coverage on that basis (which would be contrary to established insurance interpretation principles), the other remaining causes of action for negligence and unfair competition do not fall within the exclusion as asserting violations of a "consumer protection" statute.

37. As illustrative of the foregoing point, Section 19 of the Code sets forth the purpose of the Code. Nowhere in the language of that section does the phrase "consumer protection" appear.[4]

38. Section 9000 of the Code, known as the Mello-Granlund Older Californians Act (the "Act") states it:

> reflects the policy mandates and directives of the Older Americans Act of 1965, as amended, and sets forth the state's commitment to its older population and other populations served by the programs administered by the California Department of Aging." *Id*. at §9000. The Act states it is the policy of the state of California to "give attention to the unique concerns of our most frail and vulnerable older individuals." *Id*. at §9002.

---

[4] "It is the purpose of this code, in establishing programs and services which are designed to provide protection, support or care of children, to provide protective services to the fullest extent deemed necessary by the juvenile court, probation department tor other public agencies designated by the board of supervisors to perform the duties prescribed by this code to insure that the rights or physical, mental or moral welfare of children are not violated or threatened by their present circumstances or environment. Such essential services may be provided irrespective of whether the child or the family of the child is otherwise known to the responsible local agency." (Cal. Welfare & Inst. Code, § 19.)

39. The Older Americans Act of 1965 is a federal statute which declares the United States and each individual state has the joint and several duty and responsibility to "assist our older people to secure equal opportunity to the full and free enjoyment" of various objectives, including "protection against abuse, neglect, and exploitation." 42 U.S.C. §3001(10). Again, the statutory language does not include the phrase "consumer protection." In fact, the statutory language broadly encompasses all older Americans irrespective of whether they are consumers. Simply stated, the genesis of the protection is the age of the individual to be protected, not whether he or she is a purchaser of goods.

40. Both California and federal statutory frameworks <u>independently</u> provide for consumer protection in separate, stand-alone codified acts,[5] neither of which includes the California Welfare & Institutions Code or the Older Americans Act of 1965. In fact, the California Department of Consumer Affairs publishes a "Checklist of Significant California and Federal Consumer Laws" on its website.[6] Neither of the two statutes upon which the *NCHV Lawsuit* is based—Welfare & Institutions Code §15600 *et seq.* or Business & Professions Code §17200— appear on the list.

41. Under established Tennessee law, in order for an insurer, such as USLI, to discharge its duty to act in good faith to its insured, an insurer must "exercise ordinary care and diligence in investigating the claim and the extent of the damage for which the insured may be held liable." *For Senior Help, LLC v. Westchester Fire Insurance Company*, 515 F.Supp.3d 787,

---

[5] Federal consumer protection statutes include the Federal Trade Commission Act, the Dodd-Frank Wall Street Reform and Consumer Protection Act, the Gramm-Leach-Bliley Act, the Truth in Lending Act, the Fair Credit Reporting Act, the Fair Debt Collection Practices, the Equal Credit Opportunity Act, the Identity Theft and Assumption Deterrence Act, the Children's Online Privacy Protection Act, the Telephone Consumer Protection Act, the Video Privacy Protection Act, the Federal Tort Claims Act, the Consumer Product Safety Act, the Federal Food, Drug, and Cosmetic Act, the Magnuson Moss Warranty Act, the Lanham Act, and the Securities Exchange Act of 1934.
[6] https://www.dca.ca.gov/publications/legal_guides/m_1.shtml#1e

9

801 (M.D. Tenn. 2021), citing *Johnson v. Tenn. Famers Mut. Ins. Co.*, 205 S.W.3d 365, 370-71 (Tenn. 2006).

42.     The "manner in which the insurer investigates the case has an important bearing upon the question of bad faith in refusing or failing to settle the claim." *Ibid.* "Ordinary care and diligence in investigation require the insurer to investigate the claim to such an extent that it can exercise an honest judgment regarding whether the claim should be settled." *Ibid.*

43.     Here, USLI responded to Patriot Angels' Tender, denying coverage for what should have been a straightforward, covered claim, ***in two weeks***.  This timeline is not indicative of a reasonable investigation, as is required under established Tennessee law.

44.     On February 5, 2024, through counsel, Patriot Angels again contacted USLI, referencing the Tender and Denial Letter, setting forth arguments for coverage as implicated by the *NCHV Lawsuit*, seeking reconsideration of USLI's erroneous denial of coverage, and advising USLI that it reserves all rights, including pursuit of a potential bad faith action. On that same date, Thomas Giovinco at USLI acknowledged receipt of the letter. To date and despite a follow-up communication via email on February 28, 2024 advising that this action was to follow should no response be forthcoming, USLI has not responded to the letter or advised that it is reconsidering its position as set forth in the Denial Letter.

## COUNT I – BREACH OF CONTRACT

45.     Patriot Angels re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

46.     In consideration of significant premiums paid, USLI issued a Specified Professions Professional Liability Errors and Omissions policy to Patriot Angels bearing Policy No. SP

2551703F with a policy period of March 4, 2021 to March 4, 2022 (the Policy). The Policy is a specifically enforceable contract sufficiently certain in its terms.

47.     Under the Policy, USLI was and is obligated to provide insurance coverage to Patriot Angels, on the terms and conditions of the Policy, for all covered losses, including liabilities, defense fees, and costs, in the *NCHV Lawsuit*.

48.     Patriot Angels fully performed all conditions, covenants, and promises required on its part to be performed in accordance with the Policy, whether by actual, constructive, or substantial compliance, except as prevented and/or excused by USLI.

49.     The *NCHV Lawsuit* arose from allegations contained in the draft complaint and demand letter sent to Patriot Angels on February 19, 2021 and tendered to USLI on March 9, 2021. The allegations relate to activity during the 2021-2022 policy period, as acknowledged by USLI. Patriot Angels also reported the matter during the 2021-2022 policy period as required by the Policy.

50.     USLI repeatedly denied its obligations to cover Patriot Angels for the *NCHV Lawsuit* under the Policy. As a result, Patriot Angels was forced to pay for defense counsel and personally fund losses incurred that were within the Policy limits, despite reasonably expecting USLI would provide this benefit in exchange for premiums paid.

51.     To defend the *NCHV Lawsuit*, Patriot Angels incurred financial losses for alleged liabilities as well as defense fees and costs that should have been paid by USLI consistent with the insurer's obligation to pay losses, including defense fees and costs, within the scope of coverage of the Policy and to indemnify claims within the scope of coverage of the Policy.

52.     In breach of its duties under the Policy, USLI has denied coverage for any and all liabilities incurred by Patriot Angels in the *NCHV Lawsuit*.

11

53. USLI has repudiated and breached its contractual obligations to Patriot Angels under the Policy to insure Patriot Angels for the *NCHV Lawsuit* by failing to make any payments towards Patriot Angels' substantial unreimbursed losses, including defense fees and costs, as well as monies Patriot Angels paid in the settlement of the *NCHV Lawsuit* reached in November 2022.

54. USLI's refusal to provide coverage under the Policy denies Patriot Angels the benefits for which it contracted under the Policy.

55. As a direct and proximate result of USLI's breaches of the Policy, Patriot Angels has suffered damages, which Patriot Angels has incurred and will continue to incur, plus interest thereon at the highest legal rate allowed under Tennessee law, the exact amount of which has yet to be ascertained.

56. The provisions of the Policy, requiring USLI to provide immediate coverage, including defense fees and costs, to Patriot Angels are fair, just, and reasonable. Patriot Angels has a reasonable expectation of prompt and total reimbursement of all such liability coverage due and payable by USLI as those obligations become due because a policyholder in the position of Patriot Angels (having paid substantial premiums in the years preceding the 2021-2022 Policy and for that specific policy term) has a reasonable expectation of receiving the full amount of the protection due from such insurance coverage, especially with regard to the only claim for which Patriot Angeles ever requested coverage during the entirety of the policyholder-insurer relationship.

57. Patriot Angels demanded USLI reimburse defense and indemnification losses incurred in connection with the *NCHV Lawsuit* consistent with the provisions of the Policy. USLI has failed to do so, thereby necessitating Patriot Angels retain defense counsel at its own expense

12

to protect its interests in the *NCHV Lawsuit* and coverage counsel to seek the full amount of the benefits due and owing by USLI under the Policy.

58.     If USLI does not provide Patriot Angels with immediate reimbursement due under the Policy, Patriot Angels will be irreparably harmed. Therefore, among other reasons, Patriot Angels has no adequate remedy at law in that it will be deprived of the benefits that USLI promised to provide by accepting Patriot Angels' premiums under the Policy.

59.     The unreimbursed losses and defense costs incurred by Patriot Angels exceed $300,000.00, exclusive of interest accruing thereon. As a result of Patriot Angels' continuing refusal to reimburse these substantial amounts for its nonprofit Insured, Patriot Angels has been forced to independently and exclusively shoulder these financial liabilities and losses that by virtue of its enforceable contractual obligations should have been borne by USLI. As a result of USLI's breaches, Patriot Angels is entitled to specific performance of the Policy.

**COUNT TWO – UNFAIR CLAIMS PRACTICE**
T.C.A. § 56-7-105

60.     Patriot Angels re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

61.     In consideration of significant premiums paid, USLI issued a Specified Professions Professional Liability Errors and Omissions policy to Patriot Angels bearing Policy No. SP 2551703F with a policy period of March 4, 2021 to March 4, 2022 (the Policy).

62.     Under the Policy, USLI was and is obligated to provide insurance coverage to Patriot Angels, on the terms and conditions of the Policy, for all covered losses, including liabilities, defense fees, and costs, in the *NCHV Lawsuit*.

13

63. Patriot Angels fully performed all conditions, covenants, and promises required on its part to be performed in accordance with the Policy, whether by actual, constructive, or substantial compliance, except as prevented and/or excused by USLI.

64. The *NCHV Lawsuit* arose from allegations contained in the draft complaint and demand letter sent to Patriot Angels on February 19, 2021 and tendered to USLI on March 9, 2021. The allegations relate to activity during the 2021-2022 policy period, as acknowledged by USLI. Patriot Angels also reported the matter during the 2021-2022 policy period as required by the Policy.

65. The *NCHV Lawsuit* involves allegations and legal theories covered by the Policy.

66. USLI has breached its duties of good faith and fair dealing owed to Patriot Angels under the Policy by, *inter alia*:

    a. Unreasonably failing to cover Patriot Angels for losses incurred in connection with the *NCHV Lawsuit,* including defense fees and costs, despite timely demands, at a time when USLI knew Patriot Angels was entitled to such coverage under the terms of the Policy;

    b. Engaging in unreasonable interpretations of the Policy provisions and analogous Tennessee jurisprudence to avoid its coverage obligations;

    c. Failing to reasonably and thoroughly investigate all bases for coverage under the Policy including, *inter alia*, by unreasonably interpreting the Policy's Exclusion F despite receiving notice that it does not apply and issuing a perfunctory and pre-textual denial within dates of receiving the Tender;

    d. Failing to affirm coverage of claims within a reasonable time after Tender by Patriot Angels;

14

e.      On information and belief, failing to adopt and implement reasonable standards for the prompt investigation and processing of claims such as Patriot Angels' claim;

f.      Engaging in an inadequate investigation of Patriot Angels' claim;

g.      Failing to promptly process and pay Patriot Angels' claim; and

h.      Placing USLI's own interests in minimizing its coverage obligations under the Policy ahead of the interests of its insured, Patriot Angels.

67.      In declining to fulfill its coverage obligations to Patriot Angels under the Policy, USLI has acted unreasonably, in bad faith, and with the knowledge that there was no reasonable basis for its conduct.

68.      As a direct and proximate result of the aforementioned wrongful conduct of USLI, Patriot Angels has presently sustained damages, losses, and out-of-pocket expenses, including, but not limited to, attorneys' fees attributable to its efforts to obtain the coverage provided under the Policy and Tennessee law.

69.      USLI has tortiously withheld from Patriot Angels benefits due under the Policy and declared it owes "no coverage" for the *NCHV Lawsuit*. Patriot Angels has been forced to engage the services of legal counsel, Buchalter, to establish its right to insurance coverage. Patriot Angels is entitled to recoup its attorneys' fees and related costs and expenses, including but not limited to expert expenses that were reasonably incurred and expended by the policyholder in order to recover such benefits which USLI withheld unreasonably and in bad faith.

70.      USLI's conduct as described herein was committed with a conscious disregard of Patriot Angels' rights and with the intent to vex, injure, or annoy Patriot Angels, that constitutes a bad faith refusal to pay under T.C.A. § 56-7-105 warranting an award of punitive or exemplary damages in an amount appropriate to punish and set an example of USLI.

15

71.     On February 5, 2024, following settlement of the *NCHV Lawsuit*, through counsel, Patriot Angels made a subsequent demand for indemnification and payment of defense fees and costs. A true and correct copy of that letter is attached hereto as **Exhibit 5.**

72.     More than sixty days have elapsed since Patriot Angels' latest demand, despite USLI being on notice of the clear basis for coverage afforded under the Policy and the inapplicability of Exception F.

73.     USLI's refusal to pay was made in bad faith. There is no potential for Exclusion F to apply, particularly given that the *NCHV Lawsuit* settled before any discovery or hearing on the merits of the case.

## COUNT THREE – DECLARATORY RELIEF

74.     Patriot Angels incorporates by reference the allegations set forth in the preceding paragraphs.

75.     In consideration of significant premiums paid, USLI issued a Specified Professions Professional Liability Errors and Omissions policy to Patriot Angels bearing Policy No. SP 2551703F with a policy period of March 4, 2021 to March 4, 2022.

76.     Under the Policy, USLI was and is obligated to provide insurance coverage to Patriot Angels, on the terms and conditions of the Policy, for all covered losses, including liabilities, defense fees, and costs, in the *NCHV Lawsuit*.

77.     Patriot Angels fully performed all conditions, covenants, and promises required on its part to be performed in accordance with the Policy, whether by actual, constructive, or substantial compliance, except as prevented and/or excused by USLI.

78.     The *NCHV Lawsuit* arose from allegations contained in the draft complaint and demand letter sent to Patriot Angels on February 19, 2021 and tendered to USLI on March 9, 2021.

The allegations relate to activity during the 2021-2022 policy period, as acknowledged by USLI. Patriot Angels also reported the matter during the 2021-2022 policy period as required by the Policy.

79.     USLI has repudiated and breached its duties and obligations currently due and owing to Patriot Angels under the Policy by repudiating and declaring that "no coverage" exists for the *NCHV Lawsuit* under the Policy.

80.     Patriot Angels regularly advised USLI that failure to provide coverage for the *NCHV Lawsuit* for losses and expenses incurred was contrary to its obligations under the Policy and Tennessee law.

81.     Patriot Angels respectfully requests judicial determinations and declarations that:

a.     USLI was and is currently obligated to compensate Patriot Angels for losses incurred, including liabilities, defense fees, and costs, in connection with the *NCHV Lawsuit* under the Policy; and

b.     Losses incurred by Patriot Angels on account of the *NCHV Lawsuit*, including defense fees and costs, are not excluded from coverage under the Policy due to Exclusion F.

82.     A judicial declaration of USLI's duties under the Policy is necessary and appropriate at this time because Patriot Angels has substantial unreimbursed costs and expenses incurred in defense and settlement of the *NCHV Lawsuit*.

## **PRAYER FOR RELIEF**

WHEREFORE, Patriot Angels respectfully prays for judgment against USLI as follows:

A.  For actual damages according to proof;

B.  For special damages according to proof;

C. For consequential damages according to proof;

D. For judicial declarations that:

    a. USLI was and is currently obligated to compensate Patriot Angels for losses incurred, including liabilities, defense fees, and costs, in connection with the *NCHV Lawsuit*; and

    b. Losses incurred by Patriot Angels on account of the *NCHV Lawsuit*, including defense fees and costs, are not excluded from coverage under the Policy due to Exclusion F;

E. For specific performance of USLI's coverage obligations owed to Patriot Angels, including the immediate payment of unreimbursed losses and defense fees and costs incurred in connection with the *NCHV Lawsuit*;

F. For interest at the maximum legally permissible rate from the date of the initial breaches;

G. For Patriot Angels' reasonable attorneys' fees as allowed by law;

H. For costs of suit incurred herein; and

I. Such further relief as the Court may deem just and proper.

DATED: June 11, 2024

                                   Respectfully submitted,

                                   BUCHALTER, APC

By: */s/ Kaitlin E. White*
Kaitlin E. White, BPR #037655
1 Music Circle South, Suite 300
Nashville, TN 37203
Tel.: 629.224.6604
kwhite@buchalter.com

*Attorney for Plaintiff Patriot Angels Consulting Corp*

18